**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHAD R. BALDWIN,

        Plaintiff,

v.                                                      Case No. 6:16-cv-648-Orl-37TBS

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Defendant's Motion to Dismiss (Doc. 22), filed October 3, 2016.

2. Plaintiff's Response in Opposition to Defendant's 10/03/16 Motion to Dismiss (Doc. 24), filed November 7, 2016; and

3. Defendant's Motion to Strike Plaintiff's Second Amended Complaint or, in the Alternative, to Extend the Period for the United States' Response to the Second Amended Complaint by 60 Days from the Latest Date of Service of the Amended Complaint on Defendants Linda Barclay, Tom Mitchell, and Laura Price (Doc. 29), filed November 21, 2016.

Upon consideration, the Court finds that both motions are due to be granted.

## BACKGROUND

Plaintiff—proceeding *pro se*—initiated the instant action on April 18, 2016. (Doc. 1.) Upon initial review, the Court dismissed the original Complaint as an impermissible shotgun pleading and directed Plaintiff to file an amended complaint on or before May 11, 2016. (Doc. 2 ("**April 21 Order**").) In compliance with the April 21 Order,

Plaintiff filed an amended complaint on May 11, 2016—which is currently the operative pleading in this action.[1] (*See* Doc. 9 (hereinafter, "**Complaint**").)

As set forth in the Complaint, Plaintiff seeks: (1) a refund for overpayment of federal income tax and interest for the years 2003, 2006, and 2013 (Counts I, II, and III); and (2) damages for the targeting, harassment, retaliation, and willful misconduct of the Internal Revenue Service ("**IRS**") and its employees (Count IV). (Doc. 9.) On October 3, 2016, the Government moved to dismiss the Complaint on grounds of sovereign immunity and failure to state a claim upon which relief could be granted. (Doc. 22 ("**MTD**").) Though Plaintiff did not timely respond, the Court granted Plaintiff additional time due to his *pro se* status. (Doc. 23.) Plaintiff responded on November 7, 2016 ("**Response**"), and contemporaneously filed the unauthorized SAC. (Docs. 25, 26.) Subsequently, the Government moved to strike the SAC, or alternatively, for an extension of time to respond. (Doc. 29.) The motions are now ripe for the Court's consideration.

## STANDARDS

**I.     Sovereign Immunity**

"The doctrine of sovereign immunity prohibits suits against the [Government] unless the [Government] specifically consents to be sued." *Hardy v. United States* (*In re Hardy*), 97 F.3d 1384, 1388 (11th Cir. 1996). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Fed. Deposit Ins. Corp. v. Meyer*,

---

[1] On November 9, 2016, Plaintiff filed a second amended complaint. (Doc. 25 ("**SAC**").) Pursuant to Federal Rule of Civil Procedure 15(a)(1), Plaintiff was only permitted to amend his pleading once as a matter of course. Because Plaintiff did not seek leave to file a second amended complaint or obtain the Government's written consent, the SAC is due to be stricken. *See* Fed. R. Civ. P. 15(a)(2).

510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). To be effective, "waivers of the Government['s] sovereign immunity must be unequivocally expressed and are not generally to be liberally construed.'" *Hardy*, 97 F.3d at 1388 (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)).

## II.   Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pled factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

**DISCUSSION**

## I.   Claims for Tax Refund

In Counts I, II, and III, Plaintiff seeks reimbursement for allegedly overpaid taxes. Pursuant to 28 U.S.C. §1346(a), the Government has waived its sovereign immunity for civil actions filed against it "for the recovery of any internal-revenue tax alleged to have been erroneously assessed or collected." Nonetheless, "the scope of § 1346(a)(1) is limited by other provisions of the Tax Code." *Wachovia Bank, N.A. v. United States*,

455 F.3d 1261, 1268 (11th Cir. 2006). For example, before a plaintiff may file such action, he must first file a claim for refund or credit with the Secretary of the Treasury ("**Administrative Claim**").[2] 26 U.S.C. § 7422(a). If a plaintiff fails to file an Administrative Claim before initiating judicial proceedings, "a court has no subject matter jurisdiction to hear the claim for refund." *Wachovia*, 455 F.3d at 1264.

According to the Government, the Court lacks jurisdiction over this action because, at its inception, Plaintiff had not yet filed an Administrative Claim. (Doc. 22.) Although Plaintiff has since filed an Administrative Claim and amended his complaint accordingly, the Government contends that Plaintiff cannot cure the original defect in this manner. (*Id.*) The Court agrees.

In concluding, under a similar statute, that the plaintiff could not maintain his claim against the Government where he failed to exhaust his administrative remedies *prior* to filing suit, the U.S. Supreme Court reasoned that "[t]he most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 107, 110–113 (1993). Affirming the lower court's dismissal of the plaintiff's claims on these grounds, the Supreme Court noted that "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.* at 112, 113. The same rationale applies here.

A review of the record reveals that Plaintiff initiated this action on **April 18, 2016**.

---

[2] Additionally, a plaintiff may not file suit for the refund of an erroneously collected tax until six months from the date of filing an Administrative Claim. 26 U.S.C. § 6532(a)(1).

4

(Doc. 1.) Plaintiff admits that he did not mail an Administrative Claim to the IRS until **May 7, 2016**. (Doc. 9, ¶ 3.) Notwithstanding Plaintiff's equitable arguments against dismissal (*see* Doc. 24), his failure to comply with the administrative prerequisites *prior* to filing suit divests the Court of subject matter jurisdiction. As such, Counts I, II, and II are due to be dismissed.

**II.   Misconduct Claim**

Count IV is subject to a similar fate. There, Plaintiff seeks damages for targeting, harassment, retaliation, and willful misconduct on the part of the IRS and select employees. Construing the Complaint liberally, the Government assumes that Count IV asserts a claim pursuant to 26 U.S.C. § 7433, which provides that—

> [i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court in the United States.

However, the Government contends that Count IV does not fall within this statutory waiver of sovereign immunity because "[n]othing in [P]laintiff's amended complaint deals with collection activity taken in violation of the Internal Revenue Code or its regulations," but rather "complains only about the manner in which [Plaintiff's] liability for 2003 was determined and assessed." (Doc. 22, p. 5.) Alternatively, the Government argues that Count IV should be dismissed because it fails to allege that Plaintiff filed an administrative claim under § 7433 before filing suit. (*Id.*)

The majority of Plaintiff's Response with respect to Count IV attempts to create a jurisdictional basis for the addition of three new defendants in the SAC—a pleading which

5

is due to be stricken. (*See* Doc. 29, pp. 8–10; *see also supra* note 1.) The remainder of the Response contends that the Court has jurisdiction under 26 U.S.C. §§ 7426 and 7433. The Court disagrees.

As an initial matter, § 7426 "allows persons *other than the taxpayer against whom an assessment is made* who claim an interest in property which has been levied upon to sue to recover their property." *United Sand & Gravel Contractors, Inc. v. United States*, 624 F.2d 733, 735 (5th Cir. 1980) (emphasis added). Notwithstanding the absence of any mention of a wrongful levy on property in the Complaint, Plaintiff, as the complaining taxpayer, may not bring an action against the IRS on this statutory ground.

For its part, "[section] 7433 provides a remedy only for improper collection activities, not for an improper assessment of taxes." *Sande v. United States*, 323 F. App'x 812, 814 (11th Cir. 2009). Thus, the remaining question before the Court is whether the alleged misconduct constitutes collection activity cognizable under § 7433. *See id.* at 815.

Here, the common theme throughout the Complaint is that the IRS: (1) targeted and harassed Plaintiff by repeatedly auditing him; and (2) retracted a prior promise to grant him a refund. (*See generally* Doc. 9.) Specifically, Plaintiff alleges that the IRS (1) audited him in 2003, 2005, and 2007; (2) destroyed a letter from his employer stating that he was not reimbursed for claimed business expenses ("**Non-Reimbursement Letter**") in order to deny him a refund after previously approving it; (3) attempted to persuade his employer to recant the Non-Reimbursement Letter; (4) disaffirmed prior responses by IRS employees as to the reason for denying him a refund; and (5) disaffirmed prior responses by IRS employees with respect to requests he submitted

for audit reconsideration. (*See id.*, ¶¶ 1, 28.)  Additionally, Plaintiff alleges that IRS and Federal Bureau of Investigation employees: (1) engaged in widespread corruption, for example, by attempting to induce Plaintiff to commit perjury; (2) caused his former counsel to withdraw his representation in this case; and (3) received bonuses from the Obama Administration as a reward for such misconduct. (*See id.*, ¶¶ 28, 29, 30.) As sinister as such allegations may be, none of the alleged conduct constitutes collection activity within the purview of § 7433, nor has Plaintiff alleged any other viable statutory ground for this claim. Consequently, Count IV is also due to be dismissed for lack of subject matter jurisdiction.[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss (Doc. 22) is **GRANTED**.

2. Defendant's Motion to Strike Plaintiff's Second Amended Complaint or, in the Alternative, to Extend the Period for the United States' Response to the Second Amended Complaint by 60 Days from the Latest Date of Service of the Amended Complaint on Defendants Linda Barclay, Tom Mitchell, and Laura Price (Doc. 29) is **GRANTED**.

3. Counts I–IV of Plaintiff's Amended Complaint (Doc. 9) are **DISMISSED**.

---

[3] Moreover, the Court may not award damages under § 7433 unless a plaintiff has first exhausted his administrative remedies. 26 U.S.C. § 7433(d)(1). A plaintiff's failure to exhaust his administrative remedies under § 7433 renders such claim subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Galvez v. United States*, 448 F. App'x 880, 887 (11th Cir. 2011). Neither the Complaint nor the Response alleges or argues that Plaintiff has exhausted his administrative remedies with respect to the misconduct claim in Count IV. As such, Plaintiff has also failed to state a claim upon which relief can be granted.

4.      The Clerk is **DIRECTED** to:

    a.      Strike Plaintiff's Amendment to His Amended Complaint: Adding New Defendants (Doc. 25);

    b.      Terminate all pending motions; and

    c.      Close the case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 29, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record